## Evans v. Evans

*W. J. Krencewicz,* for libellant.

HICKS, P. J., March 2, 1936. — This is an action for divorce on the ground of desertion. Jurisdiction was acquired by constructive service through the media of a subpœna, alias subpœna and order of publication, since personal service could not be made, the whereabouts of the respondent being unknown. The matter was referred to the master to take testimony and make his recommendations. He found the cause of divorce amply supported and made out by the testimony of the libellant and her witnesses, in which we concur after a careful reading of the evidence produced. He recommended, however, because of the premature issuance of the alias subpœna, that the record be remanded "to the attorney for the libellant . . . in order that [it] . . . may conform with the act of assembly", which recommendation, of course, cannot be adopted if his conclusion that jurisdiction was not acquired by the court is correct. Exception was taken to this recommendation by the libellant.

The subpœna regularly issued on June 3, 1935, returnable July 29, 1935, and not 30 days later, as the master declared: Rule of court no. 105. On July 31, 1935, the sheriff returned the writ non est inventus, two days after

the return day. This was a valid return. The irregularity arises in that three days before the return day an alias subpœna issued. This the master holds is fatal. The alias subpœna was returnable on September 2, 1935, the sheriff's return being made on September 11, 1935. On this latter date an order of publication was awarded, returnable November 11, 1935, and the master was appointed on December 16, 1935. It is thus seen that the time allowed to accomplish service and bring notice of the proceedings to the respondent was not in any way shortened by the issuance of the alias three days before the return day of the original writ. The alias subpœna was in the hands of the sheriff for service for 36 days and his return thereon was not made for 45 days after its issuance. Had the alias issued on the return day or five days later when the return was actually made of the subpœna, the alias still could have been returnable on September 2, 1935, the actual return day of the alias writ. We do not, under the circumstances, consider the alias subpœna void and legally ineffective and invalid. At the most it is voidable. No authorities have been found holding to the contrary or that the alias writ, under the circumstances of this case, and all subsequent proceedings are void.

There is no evidence of any collusion and the time for service of notice of the proceedings upon the respondent as prescribed by statute was fully provided. The rights of the respondent, by so holding, are in no wise prejudiced.

And now, March 2, 1936, the exceptions are sustained and the following decree is hereby entered:

## Decree

The court, having heard this case and having fully considered and proceeded to determine the same as law and justice appertain, do sentence and decree that Hannah Evans be divorced and separated from the nuptial ties and bonds of matrimony heretofore contracted between her

and the said Harold Evans, respondent; and that thereupon, all and every the duties, rights, and claims accruing to either the said Hannah Evans or the said Harold Evans, at any time heretofore, in pursuance of the said marriage, shall cease and determine, and the said parties shall severally be at liberty to marry again in like manner as if they never had been married; and further, the court do award to the said Hannah Evans against the said Harold Evans, her costs in this behalf expended.